UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW SCHRIER,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>*Defendant*. | Civil Action No. 20-0538 (CJN) |

## JOINT STATUS REPORT

Pursuant to their commitment in the June 16, 2021 Joint Status Report (ECF No. 18), Plaintiff Matthew Schrier and Defendant United States Department of State (the "State Department") respectfully report to the Court that in November 2021, the agency made its final release of records in this case, which Plaintiff brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff sought records about himself, Qatar Islamic Bank and four other banks, a certain bank account identified by number, and fifty-eight other entities. *See* Complaint, ¶¶ 6, 9-10. The State Department has completed processing records responsive to Plaintiff's request on its unclassified system and a large portion of the potentially responsive records it located on its classified system. In November 2021, the State Department informed Plaintiff that in reviewing potentially responsive records on its classified system, it had identified zero records other than those with Plaintiff's name on them that were responsive to his request and that would be of interest to him. The Department released all remaining records on its classified system mentioning Plaintiff in its November production. Plaintiff and his counsel have reviewed those records and determined at least preliminarily that they do not wish to challenge the State

Department's search or withholdings while Plaintiff receives records requested under the FOIA from other government agencies, including the Department of Treasury in *Schrier v. Dep't of Treasury*, Civ. A. No. 21-1163 (CJN), in which the parties are both represented by the same counsel as in this case.

The parties in this case would like the Court to hold this matter in abeyance while the second case proceeds. In the unlikely event that information released by the Department of Treasury's Office of Foreign Assets Control leads Plaintiff to identify any issue with the State Department's final determination, counsel for the parties in this case will confer and attempt to resolve it without further litigation. If that is unsuccessful, the parties will identify any issues requiring resolution by the Court and propose a briefing schedule. At this point, however, counsel for the parties are optimistic that they will ultimately be able to resolve this case without briefing.

The parties jointly propose that the Court hold this matter in abeyance and that they file another joint status report on May 18, 2022, if the case has not been resolved by then.

Dated: December 20, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Kevin T. Carroll*<br>KEVIN T. CARROLL<br>D.C. Bar No. 4075339<br>Wiggin & Dana LLP<br>800 17th Street N.W.<br>Suite 520<br>Washington, D.C. 20006<br>(202) 800-2475<br>kcarroll@wiggin.com<br><br>*Counsel for Plaintiff* | MATTHEW M. GRAVES, D.C. Bar # 481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By: */s/ Jane M. Lyons*<br>JANE M. LYONS, D.C. Bar # 451737<br>DIANA V. VALDIVIA, D.C. Bar # 1006628<br>Assistant United States Attorneys<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2540 or 2545<br>jane.lyons@usdoj.gov<br>diana.valdivia@usdoj.gov<br>*Counsel for Defendant* |